IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>[1] MARIO DONES-RAMOS<br>(Counts One, Two),<br><br>[2] JULIO VARELA-GUZMAN<br>(Counts One, Two),<br><br>[3] ANTHONY GUZMAN-ESTEVEZ<br>(Counts One, Three),<br><br>[4] RAFAEL NIEVES-ROBLES<br>(Counts One, Four),<br><br>[5] JOSE ANTONIO GONZALEZ-ASTACIO<br>(Counts One, Five),<br><br>[6] ADRIAN MALDONADO-HERNANDEZ<br>(Counts One, Five),<br><br>[7] JIMMY FUENTES-FONSECA<br>(Counts One, Six),<br><br>[8] AARON ORTIZ-ALCAZAR<br>(Counts One, Six),<br><br>[9] HANSEL JOSE PEÑA-MATIAS<br>(Counts One, Seven),<br><br>[10] RAMON ENRIQUE NOLASCO-FELIZ<br>(Counts One, Eight),<br><br>[11] RAYNER CORREDERA-LUIS<br>(Counts One, Nine),<br><br>[12] LESLIE O. NEVAREZ-CRUZ<br>(Counts One, Ten),<br><br>[13] HECTOR ARMANDO ROA-RAMOS<br>(Counts One, Eleven), | **SEALED INDICTMENT**<br><br>No.: 25-397 (GMM)<br><br>Violations:<br>18 U.S.C. § 2,<br>18 U.S.C. §§ 1956(a)(1)(B)(i) & (h)<br><br>SIXTEEN COUNTS<br>FORFEITURE NOTICE<br><br> |

[14] RAFAEL SANCHEZ-DE LA CRUZ
(Counts One, Twelve, Fifteen),

[15] CARLOS ALBERTO GAUD-MEDINA
(Counts One, Thirteen),

[16] EDGARDO GIOVANNI COLON-CRUZ
(Counts One, Fourteen), and

[17] JENSEN MARTINEZ-LOPEZ
(Counts One, Sixteen),

        Defendants.

THE GRAND JURY CHARGES:

## COUNT ONE
### Money Laundering Conspiracy
### 18 U.S.C. § 1956(h)

1.    Beginning not later than August 4, 2022, and continuing through on or around May 24, 2024, the exact dates being unknown to the Grand Jury, within the District of Puerto Rico and elsewhere, and within the jurisdiction of this Court, the defendants,

[1] MARIO DONES-RAMOS,

[2] JULIO VARELA-GUZMAN,

[3] ANTHONY GUZMAN-ESTEVEZ,

[4] RAFAEL NIEVES-ROBLES,

[5] JOSE ANTONIO GONZALEZ-ASTACIO,

[6] ADRIAN MALDONADO-HERNANDEZ,

[7] JIMMY FUENTES-FONSECA,

[8] AARON ORTIZ-ALCAZAR,

[9] HANSEL JOSE PEÑA-MATIAS,

[10] RAMON ENRIQUE NOLASCO-FELIZ,

[11] RAYNER CORREDERA-LUIS,

[12] LESLIE O. NEVAREZ-CRUZ,

[13] HECTOR ARMANDO ROA-RAMOS,

[14] RAFAEL SANCHEZ-DE LA CRUZ,

[15] CARLOS ALBERTO GAUD-MEDINA,

[16] EDGARDO GIOVANNI COLON-CRUZ, and

[17] JENSEN MARTINEZ-LOPEZ,

knowingly and intentionally conspired and agreed with each other and other persons known and unknown to the Grand Jury to violate 18 U.S.C. §§ 1956 and 1957, including by:

a) knowingly conducting and attempting to conduct financial transactions involving monetary instruments affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, knowing the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

b) knowingly engaging and attempting to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, in violation of 18 U.S.C. § 1957.

## Object of the Conspiracy

2. The object of the conspiracy was to realize personal gain by using the U.S. financial system to conceal proceeds from the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in controlled substances, and transfer those illicit proceeds from places within the United States, including the District of Puerto

Rico, to places outside the United States, including the Republic of Colombia. The object of the conspiracy involved violations of 18 U.S.C. §§ 1956 and 1957.

### Manner and Means of the Conspiracy

It was part of the manner and means of the conspiracy that:

3. The sale of controlled substances in Puerto Rico and elsewhere generated illicit proceeds in the form of U.S. currency.

4. The illicit proceeds would be bundled and packaged using various methods, including plastic wrap, to conceal the odor of narcotics emanating from the currency and to facilitate its transportation.

5. The illicit proceeds would be further concealed in luggage and other containers for ultimate transport, delivery, and transfer.

6. Members of the conspiracy used encrypted messaging applications to communicate in furtherance of the conspiracy.

7. "Money brokers," who generally operated from Colombia, solicited what are referred to as "money contracts" from the owners of illicit proceeds generated from the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances in Puerto Rico and elsewhere in the United States.

8. The money brokers arranged for illicit proceeds in the form of bulk U.S. currency to be picked up from couriers in Puerto Rico and elsewhere and then moved by wire transfer through U.S. financial institutions to bank accounts designated by the money broker. In addition to domestic and international wire transfers, the money brokers requested corresponding bulk-cash deliveries of the illicit proceeds in Colombia.

9. Couriers met in public locations and carried the money in a concealed manner, such as in duffel bags. When the bulk currency was transferred between couriers, each courier was required to have the same secret code phrase to assure each other that they were meeting the right party.

10. Couriers also carried the same serial number of a U.S. dollar bill, known as a "token," to ensure that when the bulk currency was being transferred between the couriers they would know they were meeting the right party. When the deliveries were complete, the courier was expected to obtain proof, which often was a photograph of the token.

11. Conspirators received commissions for their roles in the scheme. The commissions generally reflected a percentage of the illicit proceeds laundered.

All in violation of 18 U.S.C. § 1956(h).

## COUNTS TWO THROUGH SIXTEEN
### Concealment Money Laundering
### 18 U.S.C. §§ 1956(a)(1)(B)(i) & 2

12. On or about the dates listed below, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, the defendants listed below, aiding and abetting each other and others known and unknown to the Grand Jury, did knowingly conduct and attempt to conduct financial transactions involving monetary instruments affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, knowing the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity:

| Count | Approximate Date | Defendant | Transaction & Approximate Amount |
|---|---|---|---|
| 2 | August 4, 2022 | [1] MARIO DONES-RAMOS, [2] JULIO VARELA-GUZMAN | Delivery of $28,490 in U.S. Currency |
| 3 | October 19, 2022 | [3] ANTHONY GUZMAN-ESTEVEZ | Attempted Delivery of $399,890 in U.S. Currency |
| 4 | November 28, 2022 | [4] RAFAEL NIEVES-ROBLES | Delivery of $299,880 in U.S. Currency |
| 5 | December 15, 2022 | [5] JOSE ANTONIO GONZALEZ-ASTACIO, [6] ADRIAN MALDONADO-HERNANDEZ | Attempted Delivery of $485,000 in U.S. Currency |
| 6 | January 30, 2023 | [7] JIMMY FUENTES-FONSECA, [8] AARON ORTIZ-ALCAZAR | Delivery of $290,890 in U.S. Currency |
| 7 | June 13, 2023 | [9] HANSEL JOSE PEÑA-MATIAS | Delivery of $50,000 in U.S. Currency |
| 8 | July 20, 2023 | [10] RAMON ENRIQUE NOLASCO-FELIZ | Delivery of $333,020 in U.S. Currency |
| 9 | August 17, 2023 | [11] RAYNER CORREDERA-LUIS | Attempted Delivery of $50,000 in U.S. Currency |
| 10 | August 17, 2023 | [12] LESLIE O. NEVAREZ-CRUZ | Attempted Delivery of $279,982 in U.S. Currency |
| 11 | September 22, 2023 | [13] HECTOR ARMANDO ROA-RAMOS | Delivery of $253,030 in U.S. Currency |
| 12 | September 25, 2023 | [14] RAFAEL SANCHEZ-DE LA CRUZ | Delivery of $195,600 in U.S. Currency |
| 13 | September 25, 2023 | [15] CARLOS ALBERTO GAUD-MEDINA | Attempted Delivery of $250,000 in U.S. Currency |
| 14 | November 1, 2023 | [16] EDGARDO GIOVANNI COLON-CRUZ | Delivery of $131,210 in U.S. Currency |

| Count | Approximate Date | Defendant | Transaction & Approximate Amount |
|---|---|---|---|
| 15 | December 4, 2023 | [14] RAFAEL SANCHEZ-DE LA CRUZ | Delivery of $94,900 in U.S. Currency |
| 16 | May 24, 2024 | [17] JENSEN MARTINEZ-LOPEZ | Delivery of $100,000 in U.S. Currency |

All in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2.

## FORFEITURE NOTICE

### Money Laundering

13. The allegations in this Indictment are realleged and incorporated by reference for the purpose of providing notice of forfeitures pursuant to 18 U.S.C. § 982(a)(1).

14. The United States gives further notice to the defendants charged in this Indictment, that upon conviction of the offenses alleged in the Indictment, all property, real or personal, involved in such offenses, and all property traceable to such property, is subject to forfeiture under 18 U.S.C. § 982(a)(1).

15. The property to be forfeited includes, but is not limited to, a sum of money representing the amount of proceeds traceable to or involved in the commission of the offenses alleged in the Indictment.

### Substitute Assets

16. The defendants charged in this Indictment are notified if property subject to forfeiture, because of any act or omission of the defendants,

    a)    cannot be located upon the exercise of due diligence;

    b)    has been transferred or sold to, or deposited with, a third party;

    c)    has been placed beyond the jurisdiction of the court;

    d)    has been substantially diminished in value; or

e)  has been commingled with other property which cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendants up to the total value of the property subject to forfeiture pursuant to 21 U.S.C. § 853(p), as incorporated by reference in 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c).

**A TRUE BILL**



9-24-2025
DATE

W. STEPHEN MULDROW
United States Attorney

_____
Myriam Y. Fernández-González
Assistant United States Attorney
Chief, Money Laundering &
Transnational Organized Crime Unit

_____
María L. Montañez-Concepción
Assistant United States Attorney
Deputy Chief, Money Laundering &
Transnational Organized Crime Unit

_____
Daniel J. Olinghouse
Assistant United States Attorney